NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4840

_____

RICHARD GREENBERG
Appellant
v.

HON. GORDON R. ENGLAND,
SECRETARY OF THE NAVY

_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1:04-cv-01204-KAJ)

District Court: Hon. Kent A. Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2006

Before: SCIRICA, Chief Judge, McKEE, and STAPLETON, Circuit Judges

(Opinion filed: January 11, 2007)

_____

OPINION

_____

McKEE, Circuit Judge

Richard Greenberg appeals the October 6, 2005 Order of the District Court granting the Secretary of the Navy's[1] motion for summary judgment[2] and denying Greenberg's motion for summary judgment. For the reasons that follow, we will affirm.

**I.**

Because we write primarily for the parties, we need not recite the factual or procedural history of this case except insofar as may be helpful to our brief discussion. We note that in 1983, Greenberg asked the Naval Discharge Review Board ("NDRB") to upgrade his discharge characterization. He based that request upon his psychological condition prior to discharge, and his remorse over his misconduct. He did not challenge the merits or propriety of the discharge; he only requested reconsideration of it.

In October 1984, Greenberg applied to the Board for Correction of Naval Records ("BCNR") for an upgrade of his discharge. In his application, he reiterated the grounds he had relied upon in his prior request to the NDRB. He again alleged only that he should

---

[1] Greenberg proceeded against the Secretary in his official capacity. When Greenberg commenced his action, Gordon R. England was Secretary of the Navy. On January 3, 2006, the Donald C. Winter assumed that office. Accordingly, we identify the Appellee by office rather than the name of the office holder. Fed. R. App. P. 43(c)(2).

[2] The Secretary filed a motion for summary judgment on the merits of Greenberg's remaining claims. The District Court treated the Secretary's motion to dismiss as a motion for summary judgment and considered evidentiary material outside of the pleadings. *See* Memorandum Opinion at 1, A-008 (*citing Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001).

have been considered unsuitable for continued service because of his medical and psychological problems.  He did not claim that the record contained any defects or errors.  The BCNR unanimously rejected Greenberg's request.  The BCNR explained its reasoning in a letter dated February 15, 1985, that it sent to Greenberg.  In addition to other reasons relied upon, the BCNR informed Greenberg that, according to its records, he had waived his right to have his case heard before an administrative discharge board after consultation with counsel.

     Eighteen years later, in 2003, Greenberg asked the BCNR to reconsider that 1985 decision.  In that application he argued for the first time that he had not waived his right to a hearing prior to discharge.  In reviewing the record which had been transferred to microfiche in the intervening years, the BCNR discovered that, although referred to in prior documents, Greenberg's waiver of his right to a hearing before discharge was missing from the documents that had been transferred to microfiche.  After conducting additional research, considering Greenberg's own affidavit to the contrary, and affording Greenberg's attorney an opportunity to respond to the results of that research, the BCNR concluded in May 2004 that Greenberg must have properly waived his rights with the advice of counsel as represented in the 1985 letter.   The BCNR also concluded that the choice of discharging Greenberg administratively rather than basing the discharge on his medical and psychological problems was warranted by the severity of his misconduct (distribution of marijuana to another sailor), and consistent with the normal practice of giving priority to administrative discharges for misconduct.  The BCNR concluded that

the mitigating factors Greenberg was relying upon did not warrant a change in his discharge status.

Greenberg then sought review of the BCNR's decision in the District Court, claiming that the BCNR's action violated the Administrative Procedures Act because it was arbitrary and capricious, and that the failure to upgrade had resulted in denial of benefits he would otherwise have received in violation of the Privacy Act, 5 U.S.C. § 552a(d).  As we noted at the outset, the District Court granted the Secretary's motion for summary judgment as to all claims, and this appeal followed.[3]

## II.

We review the District Court's grant of summary judgment *de novo*, applying the same standard as the District Court.  *Pa. Coal Ass'n v. Babbit*, 63 F.3d 231, 236 (3d Cir. 1995).  Our review of BCNR decisions is controlled by the Administrative Procedure Act, 5 U.S.C. §§ 701-706.  We may only set aside agency actions, findings, and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2000).  As we noted in *Hondros v. United States Civil Service Commission*, 720 F.2d. 278, 295 (3d Cir. 1983), "[w]e will not substitute our judgment for that of the agency[; r]ather, we require that the agency's action be rationally related to the purposes to be served, and supported by the facts found in the record."  In the context of reviewing a grant of summary judgment, "even if there are genuine issues of material fact, deference must be given to the agency's interpretation of

---

[3] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552a. Its grant of summary judgment disposed of all claims and we therefore have jurisdiction pursuant to 28 U.S.C. § 1291.

4

the facts, so long as they were based on credible information." *Yeboah v. United States Dep't of Justice*, 345 F.3d 216, 221 (3d Cir. 2003). Like the District Court, we "determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989).

### III.

In its thoughtful Memorandum Opinion, the District Court thoroughly explained why the Secretary was entitled to summary judgment in the face of Greenberg's 18 year old attempt to "correct" the status of his military discharge. We can add little to the District Court's thoughtful and careful Memorandum Opinion, and we will therefore affirm substantially for the

reasons set forth by the District Court in its October 6, 2005, Memorandum Opinion.[4]

### IV.

For the reasons set forth above, we will affirm the District Court's grant of summary judgment in favor of the Secretary, and against Greenberg.

---

[4] We do not read the District Court's opinion as involving an unusually deferential application of the "arbitrary or capricious" standard. We need not resolve that issue, however, because the BCNR's decision clearly survives "traditional arbitrary or capricious" review.

Greenberg also faults the District Court's opinion for failing to address his contention that he was discharged without a hearing in violation of his constitutional right to procedural due process of law. We, like the District Court, do not read Count II of the complaint as pleading a procedural due process claim. If it did, however, the BCNR's finding, upheld by the District Court, that Greenberg waived his right to a hearing would provide a complete answer to his constitutional argument.